Not for Publication [Doc. Nos. 25 and 31]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ACCESS 4 ALL, INC. and FELIX ESPOSITO, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil No. 04-6297(RBK) |
| ANI ASSOCIATES, INC., | : : : | |
| Defendant. | : | |

OPINION AND ORDER

    This matter has come before the Court upon the Motions of Alan R. Ackerman, Esquire, New Jersey counsel for Plaintiffs, Access 4 All, Inc. and Felix Esposito, seeking leave to submit an amended expert report [Doc. No. 25] and seeking leave to submit an amended expert witness disclosure [Doc. No. 31]. After reviewing the submissions of the parties and having heard oral argument on December 5, 2006, and for the reasons stated below, Plaintiffs' Motions are granted.

    On December 17, 2004, Plaintiffs filed this action against Defendant, ANI Associates, Inc., seeking injunctive relief ordering Defendant to make reasonable modifications or accommodations to bring its property in compliance with the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12181. (See Plaintiffs' Complaint at pg. 11, para. a-c). Defendant operates a Hampton Inn in Pleasantville, New Jersey. Id. at para. 12. Plaintiffs served their original expert witness disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B) on March 20, 2005. The disclosure named Peter Spalluto and Gary Dix as potential expert witnesses at the time of trial. Plaintiffs produced their expert reports to Defendant in January 2006. The reports

did not include any cost estimates to do repairs on Defendant's property.  On August 15, 2006, Plaintiffs filed a Motion for Summary Judgment that included an affidavit from Mr. Spalluto stating the cost estimates for the alleged modifications to Defendant's property to comply with the ADA.  Also on August 15, 2006, Plaintiffs filed a Motion for Leave to Amend their Expert Report to include the cost estimates from Mr. Spalluto.  Plaintiffs argue that Defendant has not named any experts in this matter and will, therefore, not be prejudiced if Plaintiffs are permitted to amend their expert report.

Defendant opposes Plaintiffs' Motion to Amend their Expert Report and argues the amendments are late and no good cause exists to excuse their late production.  Defendant did not oppose Plaintiffs' Motion for Summary Judgment that was filed the same day.  Defendant stated that it believed the Motion for Summary Judgment was premature in light of the potential amendment to Plaintiffs' expert report and for that reason chose only to file formal opposition to the Motion to Amend.   (See  Transcript of Oral Argument of December 5, 2006 at 14:7-12).

On September 27, 2006, Plaintiffs filed a Motion for Leave to Submit Amended Expert Disclosures. Defendant did not respond to this Motion.  In support of this Motion, Plaintiffs argue that their initial disclosure named Peter Spalluto as an expert on the application of Title III of the ADA who will testify on the alleged ADA violations on Defendant's property.  Mr. Spalluto, however, is a paraplegic and sensitive to colder weather.  As such, Plaintiffs argue that he is unable to travel in the winter.  Plaintiffs propose to amend their expert disclosures to include Pablo Baez as an expert witness as an alternative to Mr. Spalluto.  Plaintiffs argue that Mr. Baez conducted the inspection of the property and aided Mr. Spalluto in drafting the December 15, 2005 report. Plaintiffs also wish to substitute Gary Paul Wachsman for Gary Dix.

Mr. Dix was going to testify regarding the financial ability of Defendant to remedy the alleged violations of the ADA. Plaintiff alleges that Mr. Dix is no longer available to testify.

Pursuant to Fed. R. Civ. P. 16(b), a pretrial Scheduling Order shall not be modified except upon a showing of good cause and by leave of court. Modification of Scheduling Orders is within the discretion of the court. Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990). Plaintiffs seek to amend the pretrial Scheduling Order to amend their expert report, originally produced in January 2006, to include the costs to make the modifications Plaintiffs allege are necessary to bring Defendant's property in compliance with the ADA. (See Plaintiffs' Reply to Defendant's Opposition to their Motion for Leave to Amend Expert Report at 2). Plaintiffs' initial expert witness disclosures, served upon Defendant on March 20, 2005, identified Mr. Spalluto as an expert witness and indicated that he would testify as to the substantive violations of the ADA and the costs to remedy the violations, placing Defendant on notice, at least initially, of the potential scope of Mr. Spalluto's report. Id. at 1. Although the cost issue was mentioned in Plaintiffs' disclosures served on March 20, 2005, the cost issue was not addressed in Plaintiffs' original expert report served in January 2006.

Plaintiffs argue that the reason the cost estimates were not initially included in Mr. Spalluto's expert report was because it was and remains unclear whether remedial cost estimates must be provided by an expert in order for Plaintiffs to meet their burden of proof at trial. (See Transcript of Oral Argument of December 5, 2006 at 10:16-20). Some Circuits require that cost estimates be provided by an expert as part of a plaintiff's prima facie case. See Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1273 (11th Cir. 2006); Colorado Cross Disability Coalition v. Hermanson Family Limited Partnership I, 264 F.3d 999, 1007 (10th Cir.

2001). Other Circuits permit a much more generalized statement of what the reasonable accommodation would entail and do not require detailed cost estimates. See Borkowski v. Valley Central School District, 63 F.3d 131 (2d Cir. 1995); Johnson v. Gambrinus Company/Spoetzl Brewery, 116 F.3d 1052, 1059 (5th Cir. 1997). The Third Circuit has not yet spoken definitively on the issue. Plaintiffs, therefore, sought to include the cost estimates missing from their original expert report to insure they meet their burden of proof at trial. Based upon Plaintiffs' representations, their failure to include the cost estimates was due to an uncertainty in their burden of proof and not simply neglect. (See Transcript of Oral Argument of December 5, 2006 at 10:16-20). For this reason, good cause exists to grant Plaintiffs' Motion.

Moreover, Defendant will not be prejudiced by the supplement to Plaintiffs' expert report since the Court will be amending the Scheduling Order in the case to account for the new information Plaintiff will be serving. Also, Defendant is not surprised by Plaintiffs' supplement to include cost estimates since this was mentioned in Plaintiffs' original Rule 26 disclosures.

In addition, Plaintiffs have also demonstrated good cause to amend their expert witness disclosures to include Mr. Baez and Mr. Wachsman as experts. Given Mr. Spalluto's completely justifiable reason for not being available for a potential winter trial, and Mr. Dix's unavailability, amendment of Plaintiffs' disclosures is appropriate in this case. Consistent with Rule 26(a)(2)(B), Mr. Baez is bound by the expert report authored by Mr. Spalluto originally produced in January 2006, and the amendment thereto as discussed above. See Fed. R. Civ. P. 26(a)(2)(B). Mr. Wachsman is likewise bound by the report authored by Mr. Dix.

For the reasons stated above and for good cause shown

IT IS on this 4th day of January 2007 hereby

ORDERED that Plaintiffs' Motion for Leave to Amend the Expert Report of Peter Spalluto is GRANTED and Plaintiffs' Motion for Leave to Amend their Expert Witness Disclosures is GRANTED.  The expert report and disclosures shall be deemed amended, supplemented, and served in accordance with the submissions attached to Plaintiffs' Motions; and it is further

ORDERED that Defendant shall serve any rebuttal expert report upon Plaintiff no later than **February 5, 2007**.  The scope of Defendant's rebuttal expert report is limited to responding to Mr. Spalluto's new opinions; and it is further

ORDERED that all expert depositions must be completed no later than **March 5, 2007**; and it is further

ORDERED that nothing in this Order shall override the rulings this Court will shortly be issuing regarding Plaintiffs' Motion to Compel and for Sanctions [Doc. No. 32]; and it is further

ORDERED that all dispositive motions must be filed and served no later than **March 30, 2007**.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge