[Doc. No. 32]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **ACCESS 4 ALL, INC. and FELIX ESPOSITO,** : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> **ANI ASSOCIATES, INC.,** : <br> : <br> Defendant. : | Civil No. 04-6297(RBK) |

**OPINION**

This matter has come before the Court upon the Motion [Doc. No. 32] of Plaintiffs, Access 4 All, Inc. and Felix Esposito, seeking sanctions for Defendant's failure to produce discovery in response to the Court's September 21, 2006 Order [Doc. No. 30] compelling Defendant to respond to outstanding discovery. After reviewing the submissions of the parties and hearing oral argument on December 5, 2006, Plaintiffs' Motion is granted and the Court makes the following findings.

**Background**

Plaintiffs filed this action on December 17, 2004 pursuant to Title III of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12181, et. seq.. (See Plaintiffs' Complaint at p. 11, para. a-c). Plaintiffs allege the property of Defendant, ANI Associates, Inc., does not comply with the standards and regulations of the ADA. Id. at para. 16. Defendant's property is a Hampton Inn located in Pleasantville, New Jersey. Id. at para. 12. Plaintiffs seek injunctive relief ordering Defendant to make all readily achievable alterations to the property to

bring it into compliance with the ADA. Id. at p. 11, para. b.

Plaintiffs served Defendant with Interrogatories and Requests for Production of Documents on June 13, 2005. Defendant served answers in January 2006. Plaintiffs notified Defendant of deficiencies in particular responses, including Request Nos. 4 through 8 and 10 through 14, by way of letter dated June 12, 2006. (See Exhibit 1 to Plaintiffs' Motion for Sanctions). Defendant did not respond to the letter. On June 21, 2006, Plaintiffs requested an oral hearing in an effort to resolve the discovery dispute. A hearing was held before the Honorable Ann Marie Donio, U.S.M.J., on September 21, 2006. Following the hearing, Judge Donio ordered Defendant to "serve responses to Plaintiffs' discovery by September 29, 2006 and .... supplemental interrogatory answers by October 6, 2006" [Doc. No. 30]. Defendant never complied with this Order. Plaintiffs filed the instant Motion on November 9, 2006. Defendant did not file a response to Plaintiffs' Motion. The Court held oral argument on Plaintiffs' Motion on December 5, 2006.

Although the time to object to Plaintiffs' discovery has long passed, it is noteworthy that the discovery at issue is directly relevant to key issues in the case, including the factual basis for Defendant's affirmative defenses and the statutory factors the Court may consider under the ADA. Defendant's affirmative defenses in its Answer to the Complaint allege that Plaintiffs' requested modifications or accommodations are "unreasonable," "are not readily achievable," and if implemented "would create an undue burden upon the defendant." (See Defendant's Answer, Affirmative Defenses Nos. 3, 4, and 5 [Doc. No. 3]). Plaintiffs' discovery is directly related to these defenses. In addition, pursuant to 42 U.S.C. §12181(9), factors to consider when determining whether barrier removal is readily achievable include: the nature and cost of the

action needed; the financial resources of the facility; the effect of the action on the entity's expenses or resources; the impact of the action upon the operation of the facility; the number of persons employed at the facility; and the size, nature, type and financial resources of the covered entity. The discovery at issue is unquestionably relevant to these factors.

In addition, Plaintiffs have explained in detail why the requested discovery is necessary for their trial preparation. Document Request Nos. 4, 5 and 6 seek documents related to whether or not alterations were performed on the property since 1990. (See Plaintiffs' Letter to the Court of December 8, 2006 at 3). Plaintiffs want these documents to determine the appropriate standard to apply under the ADA and the ADA Accessibility Guidelines for Buildings and Facilities (hereinafter "ADAAG"). Id. According to Plaintiffs, under the ADAAG, if Defendant made changes to the property after 1992, it would be obligated to make "the entrance area readily accessible and useable by persons who are disabled." Id. Request No. 7 seeks blueprints, site plans and other architectural renderings of the property. Id. Plaintiffs need this information to confirm certain representations made by Defendant as to the number of rooms already accessible. Id. Request No. 8 seeks reports, memoranda or documentation from 1990 to the present concerning ADA compliance. Id. Plaintiffs allege the information is necessary to confirm Defendant's representations that it made improvements to conform to the requirements of the ADA. Id. Request No. 10 seeks evidence of the written policies and procedures as required under the ADA. Id. Plaintiffs need this information to determine if Defendant has in place the required ADA policies and procedures. Id. Request No. 11 seeks proof of purchase of auxiliary aids and services to aid the deaf and hearing impaired as required by the ADA. Id. The relevance of this information is plain. Request Nos. 13 and 14 seek Defendant's financial

statements and tax returns. Id. at 2. Defendant's financial records are necessary to determine if Defendant is financially able to pay for the modifications Plaintiffs allege are necessary. Id. at 2.[1]

During oral argument, the Court questioned Defendant's counsel why he never answered the discovery at issue and why he ignored the Court's September 21, 2006 discovery Order. Counsel's explanation, relayed for the first time at oral argument, was that he intended to concede a number of the issues addressed in the requested discovery and, therefore, he did not feel it was necessary to respond to the discovery as ordered. (See Transcript of Oral Argument of December 5, 2006 at 21:13-14). Counsel also explained he decided the requested discovery did not have to be answered: "in my mind I mulled [it] over, and it's just not an issue that I think really impacts how the case will be resolved." Id. at 20:25-21:1-2.

**Discussion**

Pursuant to Fed. R. Civ. P. 37(b)(2), "if a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just," including "refusing to allow the disobedient party to support or oppose designated claims or defenses ...." Fed. R. Civ. P. 37(b)(2)(B). The purposes of Rule 37 are to: (1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure. Wachtel v. Health Net, Inc., No. 03-1801, 2006 WL 3538935, at *20 (D.N.J. 2006)(citing National Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639,

---

[1] Judge Donio also ordered Defendant to serve supplemental answers to interrogatories by October 6, 2006, specifically Interrogatory Nos. 1(d), 1(e), 3, 4 and 5 [Doc. No. 30]. These Interrogatories request information regarding changes made to the property before Plaintiffs filed this action.

643 (1976)).

The court's discretion to impose sanctions under Rule 37(b)(2) is limited, however, by due process considerations. First, the sanction must be "just." General Ins. Co. of America v. Eastern Consolidated Utilities, Inc., 126 F.3d 215, 220 (3d Cir. 1997)(quoting Insurance Corp. v. Compagnie des Bauxites, 456 U.S. 694, 707 (1982)). Second, the sanction must be specifically related to the claim at issue in the previous order to provide discovery. Id. The court must also make factual findings sufficient to support its decision to impose sanctions. Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 185 (3d Cir. 2003)(citation omitted).

The exclusion of critical evidence is an "extreme" sanction not normally imposed absent "willful deception" or "flagrant disregard" for a court order by the proponent of the evidence to be excluded. Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977)(overruled on other grounds, 777 F.2d 113 (3d Cir. 1985))(quoting Dudley v. South Jersey Metal, Inc., 555 F.2d 96, 99 (3d. Cir. 1977)). See also In re Mercedes-Benz Antitrust Litigation, 225 F.R.D. 498, 504-505 (D.N.J. 2005). In deciding whether to exclude evidence as a sanction for failing to comply with an Order compelling discovery, the Court must consider: (1) the prejudice or surprise to the party against whom the withheld evidence will be offered; (2) the ability to cure the prejudice; (3) the extent to which the evidence would disrupt the orderly and efficient trial of the case; and (4) bad faith or willfulness of the delinquent party in failing to comply with the court's orders. In re Mercedes-Benz, 225 F.R.D. at 506; Wachtel, 2006 WL 3538935, at *20 (citing Meyers, 559 F.2d at 904). See also Quinn v. Consolidated Freightways Corp. of Delaware, 283 F.3d 572, 577 (3d Cir. 2002). Prejudice need not be irremediable and may include the "burden imposed by impeding a party's ability to prepare effectively a full and

complete trial strategy" and the burden a party must bear when forced to file motions in response to the strategic discovery tactics of an adversary. Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). See also Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(finding prejudice from the withholding of relevant information through non-cooperation in the discovery and costs incurred to obtain court orders to obtain compliance); Wachtel, 2006 WL 3538935, at *21; Wortman v. Brown, No. 05-1411, 2006 WL 1044787, at *3 (D.N.J. 2006).

In this case, Defendant's failure to produce relevant discovery and its failure to comply with the court's Order was not the result of neglect, negligence or inadvertence. Here, Defendant made a conscious and deliberate choice to ignore a court Order. Since there is no doubt Defendant willfully violated a court Order, the requested discovery is unquestionably relevant, and there is no other reasonable means for Plaintiffs to obtain the requested information, and without the information Plaintiffs will be substantially prejudiced, it is appropriate to impose a harsh sanction on Defendant. Under the circumstances of this case, this Court determines it is appropriate to preclude Defendant from offering evidence at trial to support the Affirmative Defenses about which it is refusing to produce discoverable information: whether or not the proposed modifications and accommodations are "unreasonable," "are not readily achievable," and if implemented "would create an undue burden upon the defendant."[2]

---

[2] These defenses presumably relate to the provisions of 42 U.S.C. §12182(b)(2)(iii) and (iv). Title III requires barrier removal if it is "readily achievable." Id. The term is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. at §12181(9). Although Title III does not define "difficulty" in §12181(9), it includes cost and other considerations. Spector v. Norwegian Cruise Line, Ltd., 545 U.S. 119, 135 (2005). Further, under Title III, discrimination exists if an individual with a disability is treated differently than other individuals because of the absence of auxiliary aids and services, unless

This Court's preclusion order is within the discretion afforded this Court to impose appropriate sanctions, and is supported by ample precedent in this District of cases that preclude a delinquent party from submitting withheld evidence that was not produced in response to a discovery Order.  See eg., Ware, 322 F.3d at 225 (plaintiff's failure to disclose its damages calculation until a week before trial in violation of the court's discovery orders warranted preclusion of any evidence of damages); In re Fine Paper Antitrust Litigation, 685 F.2d 810, 823 (3d Cir. 1982), cert. denied, 459 U.S. 1156 (1983)(preclusion would be an appropriate sanction for dilatory and incomplete compliance with a pretrial discovery order); Wachtel, 2006 WL 3538935, at *20-22 (precluding the use of the information contained in documents produced for the first time by Defendants with their Motion for Summary Judgment and as designated trial exhibits);  Chalick v. Cooper Hospital/University Medical Center, 192 F.R.D. 145, 152 (D.N.J. 2000)(holding that defendants were precluded from asserting the defense of notice for failure to respond to discovery requests).

This Court's Order is narrowly tailored to address Defendant's delinquencies and directly relates to the discovery addressed in Judge Donio's Order.  Information regarding whether or not repairs were made to Defendant's property after 1990, whether any rooms are already accessible, and any prior accommodations to comply with the ADA, all impact upon the nature and cost of the modifications Plaintiffs allege are necessary.  Evidence of Defendant's written policy and procedures and proof of purchase of auxiliary aids also impacts the nature and cost of the accommodations required for Defendant's property to become ADA compliant.  Defendant's financial records are clearly relevant to whether or not it is economically feasible for Defendant

---

taking such steps would result in an "undue burden."  42 U.S.C. §12182(b)(2)(iii).

to make the alleged modifications.

Defendant's failure to provide relevant information has substantially prejudiced Plaintiffs. Plaintiffs have attempted to proceed through discovery with due diligence in seeking proof of Defendant's averments of compliance with the ADA. This information is only available from Defendant, and it is clear that Defendant's delinquency has prejudiced Plaintiffs' "ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222. The need for Plaintiffs to chase Defendant for basic information has also caused significant delays in the resolution of this case and has forced Plaintiffs to needlessly expend resources. Plaintiffs also withdrew without prejudice their pending Motion for Summary Judgment due in large part to this discovery dispute [Doc. No. 38].

Defendant's excuse for not responding to the Court's September 21, 2006 Order is unavailing. The Court already decided the requested information is relevant and defense counsel clearly does not have the power to "veto" a court Order. In addition, defense counsel's nonchalant attitude towards the present discovery dispute is inexcusable. Defendant wasted Plaintiffs' time in preparing a Motion for Sanctions, and the Court's time in deciding the Motion, when this discovery dispute should have been quickly resolved with a simple phone call or letter. In addition, it is also noteworthy that before they filed their Motion for Sanctions, Plaintiffs wrote to Defendant and again asked for answers that were overdue. Unfortunately, Defendant ignored Plaintiffs' good faith effort to resolve their discovery dispute without intervention of this Court.

Defendant is hardly in a position to argue that a lesser sanction than preclusion of evidence at trial is appropriate. First, Defendant failed to answer Plaintiffs' discovery, it ignored

an Order compelling discovery, it did not respond to any of Plaintiffs' good faith attempts to resolve this discovery dispute without court intervention, and it did not respond to Plaintiffs' Motion for Sanctions. Second, in a sense precluding Defendant from offering evidence to support its affirmative defenses is not a sanction since Defendant admitted it is "conceding" the issues that Plaintiffs' discovery was designed to address. Defendant's attempt to justify its disregard for Judge Donio's Order by now conceding issues fails to remedy the prejudice to Plaintiffs. The requested discovery speaks to issues beyond the economic feasibility of the requested modifications. Further, a party should not be compelled to spend significant resources chasing down discovery on an issue an opponent knows it is going to concede.

Defendant willfully disregarded the Court's September 21, 2006 Order, thereby prejudicing Plaintiffs in their ability to prepare their case for trial and delaying resolution of this matter. Plaintiffs have attempted to obtain the requested information without Court intervention, yet Defendant never responded. Further, Defendant's dilatory behavior has wasted this Court's time and resources. Therefore, in light of Defendant's actions, no lesser sanction is appropriate than precluding Defendant from introducing evidence at the time of trial that the relief Plaintiffs request is "unreasonable," "not readily achievable," and if implemented "would create an undue burden upon the defendant." If Defendant believes it is prejudiced by this preclusion it only has itself to blame. Since there is no question that Defendant "willfully" and "flagrantly" disregarded a court order, a preclusion sanction is completely appropriate. See Meyers, 559 F.2d at 895. See also In re Mercedes-Benz Antitrust Litigation, 225 F.R.D. at 504-505.[3]

---

[3] It should be made clear that although Defendant is precluded from arguing it is financially unable to make the requested modifications, the Court is not precluding Defendant from arguing that the estimated cost of the modifications is excessive.

9

Defendant must also pay Plaintiffs' reasonable costs and fees associated with Defendant's failure to obey Judge Donio's September 21, 2006 Order.  Pursuant to Fed. R. Civ. P. 37(b)(2), the court may, in lieu of other sanctions or in addition thereto, require the party failing to comply with a discovery order, or the attorney advising that party, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.[4]   For the reasons already discussed, Defendant's failure to comply with the court's Order was not justified and, therefore, sanctions are appropriate.

When imposing monetary sanctions under Rule 37, the fees or costs must be reasonable. Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997). See also Mosaid Techs, Inc. v. Samsung Elecs. Co., 224 F.R.D. 595, 597 (D.N.J. 2004)(imposing reasonable sanctions against Defendants for failure to provide discovery). Plaintiffs bear the burden of proving the reasonableness of their hours and fees. Washington v. Philadelphia County Court, 89 F.3d 1031, 1035 (3d Cir. 1996).  "The court should exclude hours that are not 'reasonably expended' by virtue of excessiveness, redundancy, or lack of necessity." Mosaid Techs, Inc., 224 F.R.D. at 597(quoting Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).  "Both parties and counsel may be held personally liable for expenses .... caused by the failure to comply with discovery orders." Roadway Express, Inc. v. Piper, 447 U.S. 752, 763 (1980)(awarding attorney's fees pursuant to Fed. R. Civ. P. 37(b) for failure to comply with a discovery order).

---

[4] The Court may also award attorney's fees and expenses under Rule 37(c)(1) for failure to disclose information under Rule 26(a) or 26(e)(1), and for failure to amend a prior discovery response as required by Rule 26(e)(2).  See Fed. R. Civ. P. 37(c)(1).

At the direction of the Court during oral argument, Plaintiffs thereafter submitted an affidavit of counsel detailing the attorney's fees associated with their Motion for Sanctions. The affidavit alleges attorney's fees in the amount of $6,630.00 to which Defendant has not asserted any objection. (See Affidavit of John Fuller, Esquire at 3). Although Defendant's silence can be viewed as an admission the entire claim is valid, the Court will nevertheless independently review Plaintiffs' proffer.

Plaintiffs are seeking reimbursement of their expenses dating back to June 1, 2006, the date Plaintiffs originally reviewed Defendant's responses to discovery. Id. at 1. However, the Court will only award monetary sanctions under Rule 37(b)(2) dating from after Judge Donio's September 21, 2006 Order. Plaintiffs' expenses associated with making a good faith attempt to resolve the discovery dispute prior to September 21, 2006, while unnecessary in hindsight given Defendant's present position, are not associated with a failure to obey a court Order. Therefore, the Court finds that Defendant shall pay all reasonable expenses associated with the drafting of Plaintiffs' Motion for Sanctions through the preparation of Mr. Fuller's Affidavit on December 8, 2006. The Court determines this amount to be $3,445.00, for 10.6 hours at a rate of $325.00 per hour.[5]

---

[5] While the Court is not awarding Plaintiffs the full amount of their claim in connection with this Motion for Sanctions, the Plaintiffs may make a claim for the excluded sums pursuant to 42 U.S.C. §12205, if they prevail in this litigation. The Court is not deciding at this time whether the claim is appropriate, but merely that it is not barring Plaintiffs from making the claim if Plaintiffs prevail on the merits of the case.

**Conclusion**

      Based upon the foregoing reasons and for good cause shown, the Court will grant Plaintiffs' Motion for Sanctions.  An appropriate Order will be issued.


                                                 /s/ Joel Schneider
                                               JOEL SCHNEIDER
                                               United States Magistrate Judge