NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
ACCESS 4 ALL, INC. and              :
FELIX ESPOSITO,                     :
                                    :
            Plaintiffs,             :    Civil No. 04-6297 (RBK)
                                    :
    v.                              :    **OPINION**
                                    :
ANI ASSOCIATES, INC.,               :
                                    :
            Defendant.              :
_____ :

      This matter comes before the Court upon motion for summary judgment by plaintiff Access 4 All, Inc. and Felix Esposito ("Plaintiffs").  Plaintiffs' motion is unopposed.

      Plaintiff Felix Esposito, a Florida resident, suffers from a neuro-psychological disorder and uses a wheelchair to move around.  On September 2, 2004, Mr. Esposito stayed overnight at a Hampton Inn owned by defendant ANI Associates, Inc., in Pleasantville, NJ.  This suit stems from architectural features creating barriers for disabled individuals that Mr. Esposito observed during his stay at the Hampton Inn, which he alleges denied him full and equal enjoyment of the facility in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (2006) ("ADA").  Mr. Esposito is joined in this suit by the group Access 4 All, an organization (to which he belongs) whose purpose is to ensure that all places of public accommodation are made accessible for use by disabled individuals.  For the reasons set forth below, the Court will grant Plaintiffs' motion.

**I.  BACKGROUND**

Congress enacted the ADA in 1990 with the purpose of providing "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).  The ADA focuses on discrimination against disabled individuals in three areas: employment, public services, and public accommodations.  Plaintiffs here bring suit under the Title III, the public accommodations provisions of the Act.  Title III prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns ... or operates a place of public accommodation." Id. § 12182(a).  The broad prohibitions of the ADA are implemented by regulations found at 28 C.F.R. Part 36, which "require[] places of public accommodation and commercial facilities to be designed, constructed, and altered in compliance with the accessibility standards established by this part." 28 C.F.R. § 36.101.  The regulations further provide explicit standards and technical specifications for new construction and modifications to existing structures in the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities ("ADAAG").  28 C.F.R. Pt. 36 App. A.

Plaintiffs allege that Defendant ANI violated the ADA by failing to provide accessible facilities at ANI's Hampton Inn hotel, and they claim that the ADA requires Defendant to remove barriers to the physically disabled when such removal is readily achievable.  Through expert reports, Plaintiffs detail numerous alleged violations of the ADAAG, along with proposed modifications.  Plaintiffs request injunctive relief in the form of an order instructing Defendant to make all readily achievable alterations to the facility or to make the facility readily accessible to

and usable by individuals with disabilities to the extent required by the ADA.  Plaintiffs additionally request the Court award them attorneys' fees, costs, and litigation expenses.  Plaintiffs filed this motion for summary judgment on February 7, 2007.

**II.  STANDARD**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party

will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Because Plaintiffs' motion for summary judgment is unopposed, this Court will "treat all facts properly supported by the movant to be uncontroverted." Brandon v. Warden, No. State Prison, 2006 WL 1128721, *3 (D.N.J. Apr. 27, 2006) (citations omitted). Here, the moving party is also the party bearing the burden of proof, so the Court must determine "that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law." Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 176 (3d Cir. 1990).

### III. DISCUSSION

#### A. Standing

Before discussing the motions at hand, the Court must evaluate whether Plaintiffs have standing to bring their claims. Standing "is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution." Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997). The party invoking federal jurisdiction bears the burden of establishing standing in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., "with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Because the Court presently decides a motion for summary judgment, Plaintiffs must establish standing through the evidence submitted in support of their motion and not merely rest on the pleadings.

##### i. Individual Standing

The Third Circuit has articulated three requirements for Article III constitutional standing:

(1) the plaintiff must have suffered an injury in fact–an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of–the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 484-85 (3d Cir. 1998) (citing Defenders of Wildlife, 504 U.S. at 560-61); accord Soc'y Hill Towers Owners' Ass'n v. Rendell, 210 F.3d 168, 175-76 (3d Cir. 2000).

### ii. Associational Standing

Even where an association lacks standing to sue in its own right because it has not itself suffered an injury-in-fact, it will nevertheless have "standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977); accord Penn. Psych. Soc'y v. Green Spring Health Servs., 280 F.3d 278, 283 (3rd Cir. 2002).

### iii. Prudential Standing

Prudential standing limitations, unlike other standing requirements, are derived not from the requirements of Article III but rather from other background principles limiting who is authorized to invoke the powers of the court to resolve a particular dispute.  The Supreme Court

has summarized these prudential limitations as follows: "First, the Court has held that when the asserted harm is a "generalized grievance" shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction. Second, even when the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499-500 (1975) (citations omitted). A third prudential limitation on standing is that the "plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision ... invoked in the suit." Bennett v. Spear, 520 U.S. 154, 162 (1997); accord Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc., 165 F.3d 221, 226 (3d Cir.1998).

### iv. Plaintiff Esposito Has Standing

Plaintiff Esposito, through his affidavit, has established standing to bring his claim under the ADA. Esposito visited ANI's Hampton Inn hotel on September 2, 2004. (Esposito Aff. ¶ 2.) He then returned to the Hampton Inn to stay overnight on September 11, 2004. (Esposito Aff. ¶ 3.) He travels to the Atlantic City area often for gambling, shopping, general culture, and to spend time with friends. (Esposito Aff. ¶ 3.) While at the Hampton Inn, Esposito noted several structural items that he feels create barriers to access and thus are not permissible under the ADA. (Esposito Aff. ¶ 5.) These barriers include but are not limited to "parking problems; non-compliant access and egress; non-compliant, restrooms, guestrooms, and access to goods and services." (Esposito Aff. ¶ 5.) Esposito claims that he plans to visit the Hampton Inn again in the future. (Esposito Aff. ¶ 3.)

These allegations are enough to meet the constitutional minimum.  Mr. Esposito has established that was actually injured in his use and enjoyment of the facility by these barriers, that he intends to return to the facility in the future, that this injury was caused by Defendant's lack of compliance with the ADA, and that an order from this Court instructing Defendant to comply with the guidelines under the Act would redress this injury.

Plaintiff Esposito clearly meets the prudential standing requirements; he is asserting his own legal rights and interests, and his interests in remedying discrimination on the basis of disability fall within the zone of interests the ADA was designed to protect.

### v. Plaintiff Access 4 All Has Standing on Behalf of Its Members

Plaintiff Access 4 All has associational standing to brings its claims on behalf of the various members of the organization.  Access 4 All seeks injunctive relief with regard to the architectural barriers at the Hampton Inn.  The first prong of the Hunt test is met by member Esposito, who has standing to sue on his own behalf.  Because Access 4 All's purpose is to ensure that all places of public accommodation are made accessible for use by disabled individuals, the interests it seeks to protect by bringing this claim are clearly germane to the organization's purpose.  Finally, neither the claim nor the relief requested requires the participation of individual members of Access 4 All, as the existing record amply establishes the status of the Hampton Inn, the various architectural barriers there, and the proposed modifications to the facility.  See Clark v. McDonald's Corp., 213 F.R.D. 198, 207 (D.N.J. 2003) (citing Penn. Psych. Soc'y., 280 F.3d 278) ("requests by an association for declaratory and injunctive relief do not require participation by individual association members..."). Access 4 All therefore meets the Hunt test for associational standing and can bring this claim on behalf of its

members.

Access 4 All also enjoys prudential standing in its capacity as representative of its members, as it seeks to vindicate its members legal rights, which fall within the zone of interests the statute was designed to protect.

**B. Statutory Framework**

Title III of the ADA broadly prohibits discrimination against any individual "on the basis of disability in the full and equal enjoyment of the goods services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a). Public accommodation is defined in terms of twelve categories and includes "an inn, hotel, motel, or other place of lodging except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor."  42 U.S.C. § 12181(7)(A).

The ADA imposes different requirements on owners and operators of facilities that existed prior the ADA's enactment date of January 25, 1993.  42 U.S.C. § 12182(b)(2)(A)(iv). For such existing facilities, the ADA states that discrimination includes a private entity's "failure to remove architectural barriers…where such removal is readily achievable."  Id.  The ADA defines readily achievable as "easily accomplishable and able to be carried out without much difficulty or expense."  42 U.S.C. § 12181(9).  The ADA uses four factors to determine if an action is readily achievable: "(A) the nature and cost of the action needed under this chapter;  (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise

of such action upon the operation of the facility;  (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities;  and (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity." Id.

In order to succeed on a claim under Title III of the ADA, a plaintiff must prove that: (1) he was discriminated against on the basis of disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns or operates a place of public accommodation.  42 U.S.C. § 12182(a); see also. Bowers v. Nat'l Collegiate Athletic Ass'n, 118 F. Supp. 2d 494 (D.N.J. 2000).

### i.  "By any person who owns... or operates a place of public accommodation"

The parties have stipulated that Defendant owns the Hampton Inn, that the Hampton Inn is a place of public accommodation, and that Title III of the ADA applies.  Jt. Sched. Statement, Mar. 16, 2005.  There is no issue of material fact with regard to the status of the Hampton Inn under the ADA.

### ii. "Discriminated against on the basis of disability...in the full and equal enjoyment"

Plaintiffs allege that various structural and architectural features at the Hampton Inn create barriers to the access of disabled individuals to the facility and thus constitute

discrimination under the ADA.  To prove their claims, plaintiffs hired Pablo Baez and Peter Spalluto of Access-Ability, Inc. to conduct an ADA compliance inspection of the facility. Access-Ability's report details eight areas of the hotel found to be in violation of the ADAAG.[1] The report claims that barriers and violations were found in parking areas, accessible routes through the property, entrances, public restrooms, guest rooms, emergency alarms, and seating areas.  For each alleged violation, Plaintiffs' experts have provided a recommended action to correct the violation, as well as an estimated cost of such action.  Because Defendant has submitted no evidence to the contrary, the Court accepts as true Plaintiffs' allegations regarding the structural and architectural conditions on Defendant's property.  Having reviewed the record, the Court concludes that these structural and architectural conditions contravene the specifications of the ADAAG.

### iii. Affirmative Defenses

Title III remains silent as to who bears the burden of proving that the removal of an architectural barrier is or is not readily achievable.  Colo. Cross Disability Coal. v. Hermanson Family Ltd., 264 F.3d 999, 1002 (10th Cir. 2001).  However, the Tenth Circuit has found by reading 42 U.S.C. § 12182(b)(2)(A)(iv) together with 42 U.S.C. § 12182(b)(2)(A)(v) that the plaintiff must initially suggest a method of barrier removal and present evidence that the suggested method is readily achievable.  Colo. Cross, 264 F.3d at 1002 (citing Pascuiti v. N.Y. Yankees, 87 F. Supp. 2d 221, 223 (S.D.N.Y. 1999)).  If the plaintiff satisfies this burden of

---

[1] The report also details a ninth area of recommendations under the ADAAG, entitled "Policies and Procedures."  However, plaintiffs provide no evidence that the Hampton Inn's policies and procedures in these areas differ in any way from those recommended by the ADAAG.  Therefore, the Court expresses no view on this issue.

production, the defendant then has the ultimate burden of persuasion that the barrier removal is not readily achievable. Id. at 1003. While the Third Circuit has not addressed this burden of proof issue, the Tenth Circuit's interpretation has been adopted in various district courts and by the Eleventh Circuit. See Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1274 (11th Cir. 2006); see also Speciner v. Nationsbank, N.A., 215 F. Supp. 2d 622, 632 (D. Md. 2002).

In the instant case, Plaintiffs have met the burden of production by providing specific expert reports that suggest a method of barrier removal and evidence that the suggested method is readily achievable. Plaintiffs have provided detailed suggestions of barrier removal along with detailed cost estimates. See Pls.' Exhs. C, D, E. In order to prevail, Defendant would have to produce evidence that the suggested method of barrier removal is not readily achievable or is unreasonable.

However, Defendant does not have that opportunity here because of previously imposed sanctions for discovery violations. Access 4 All, Inc. v. ANI Assoc., Inc. 2007 U.S. Dist. LEXIS 4011, at *2 (D.N.J. Jan. 12, 2007). As a result of the sanctions order, Defendant is precluded from offering evidence as to whether Plaintiffs' proposed modifications and accommodations are unreasonable or are not readily achievable. Id. Because Defendant is precluded from attempting to rebut Plaintiffs' evidence, the Court must presume that these modifications are in fact reasonable. The Court therefore concludes that Defendant is engaged in discrimination against disabled individuals in violation of the ADA.

**IV. ATTORNEYS' FEES, COSTS, AND EXPENSES**

Plaintiffs ask the Court to award them fees, costs, and expenses pursuant to 42 U.S.C. §

12205, which provides that "the court ..., in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs...." However, as no record exists as to the costs and fees incurred by Plaintiffs in this litigation, this Court will deny Plaintiffs' request without prejudice.  Plaintiffs are invited to file a subsequent motion requesting attorneys' fees as authorized by the ADA and a Bill of Costs with the Clerk pursuant to Local Civil Rule 54.1.

## V.  CONCLUSION

There are no genuine issues of material fact, and Defendants are precluded from challenging Plaintiffs' evidence on methods of barrier removal and whether removal is readily achievable.  Having shown that Defendant is in violation of the ADA, Plaintiffs are entitled to judgment as a matter of law.  For the foregoing reasons, the Court grants Plaintiffs' motion for summary judgment and grants Plaintiffs' request for injunctive relief.  An accompanying order shall issue today.


Dated:   9/25/2007                                         /s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge